## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CAPMARK FINANCIAL GROUP | : | |
| INC., et al., | : | Case No. 09-13684 (CSS) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | |
| CAPMARK FINANCIAL GROUP INC. | : | |
| and CAPMARK FINANCE LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. Proc. Case No.: 11-53438 (CSS) |
| | : | |
| DAWSON STEVEN LIN, | : | |
| | : | |
| Defendant. | : | |

### OPINION[1]

**WOBLE CARLYELE SANDRIDGE**
**& RICE, LLP**
Matthew P. Ward
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Counsel for Dawson Steven Lin

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins
Jason M. Madron
One Rodney Square
North King Street
Wilmington, DE  19801
-and-
**KRAMER, LEVIN NAFTALIS**
**FRANKEL LLP**
Philip Bentley
Jason Rappaport
1177 Avenue of the Americas
New York, NY  10036

Counsel for CFGI and CF

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12…" Fed. R. Bankr. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Dated: August 27, 2012

Sontchi, J._____

## INTRODUCTION

Before the Court are a series of complaints filed by Capmark Financial Group Inc. ("CFGI") and Capmark Finance LLC ("CFI" and, collectively with CFGI, the "Plaintiffs") against an individual, Dawson Steven Lin ("Lin" or "Defendant") and a series of motions to dismiss those complaints filed by Lin.  In the complaints, Plaintiffs seek to recover under federal and state fraudulent conveyance law two payments made to Lin in connection with Lin's resignation from the CFGI and/or CFI – a stock redemption payment of approximately $2.8 million made by CFGI and a severance payment of $600,000 made by CFI.

The procedural posture is somewhat complex and will be discussed more fully below.  Broadly speaking, however, Lin seeks dismissal of the claims asserted against him because: (1) the amended complaints filed (without consent or court approval) on June 6 and July 2, 2012, were untimely under Bankruptcy Rule 7015(a) and should be stricken – leaving the Plaintiff with the allegations in the original complaint filed on October 24, 2011; (2) the original complaint should be dismissed pursuant to Bankruptcy Rule 7012(b)(6) for failure to state a claim upon which relief can be granted due to Plaintiffs' bare bone allegations that fail to satisfy the *Twombly/Iqbal* pleading standards; and (3) the original and/or amended complaints should be dismissed pursuant to Bankruptcy Rule 7012(b)(2) for this Court's lack of personal jurisdiction over Lin.

The Court finds that the July 2nd amended complaint was properly filed under Bankruptcy Rule 7015(a) and, assuming *arguendo* that it was not, the Court will grant Plaintiffs leave retroactive to July 2, 2012 to amend the complaint. The allegations in the July 2nd Amended Complaint easily satisfy the *Twombly/Iqbal* pleading standards and the motion to dismiss under Rule 7012(b)(6) will be denied. Finally, the controlling test as to whether this Court has personal jurisdiction over Lin is whether he has minimum contacts with the United States (not, as Lin argues, the State of Delaware). As Plaintiffs have alleged that Lin has minimum contacts with the State of Washington and Lin has not submitted the necessary affidavit disputing his contact with Washington, the motion to dismiss under Rule 7012(b)(2) will be denied.

### A.    Motion to Dismiss Amended Complaint(s) for Violation of Rule 7015

In order to rule on the motions to dismiss under Rule 7015(a) in this case the Court must start with its determination of the relevant time line (some of these entries are not relevant to the amendment issue but relate to the personal jurisdiction question discussed below).

| Date | Event |
|------|-------|
| 10/24/2011 | Complaint filed |
| 10/25/2011 | Complaint and Summons served on Lin by U.S. mail at 2801 First Avenue, Apt. #909, Seattle, Washington 98121 ("Apt. 909") |
| 12/21/2011 | Alias Summons served on Lin by U.S. mail at 2801 First Avenue, Apt. #1209, Seattle, Washington 98121 ("Apt. 1209") |
| 2/10/2012 | Request for Default and Default Judgment filed and served on Lin by U.S. mail at Apt. 909 and Apt. 1209 |
| 2/13/2012 | Default and Default Judgment entered against Lin and served upon Lin by U.S. mail at Apt. 909 and Apt. 1209 |

| 4/25/2012 | Motion to (I) Vacate Default and Default Judgment and (II) Establish Certain Procedures in Connection with Adversary Proceeding filed by Plaintiffs and served upon Lin by hand delivery to Lin's counsel and by U.S. mail at Apt. 909 and Apt. 1209 |
|---|---|
| 5/8/2012 | Order Granting Motion to (I) Vacate Default and Default Judgment and (II) Establish Certain Procedures in Connection with Adversary Proceeding entered by Court<br><br>Order specifies that:<br><br>"Defendant shall be deemed to have been properly served with the Summons, the Alias Summons and the Complaint as of the date of this Order and any further pleadings or other papers in the Adversary Proceeding may be served on Defendant through his counsel…"<br><br>"Defendant shall be deemed to have waived his defenses in this Adversary Proceeding (if any) solely pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)…" |
| 5/9/2012 | Order Granting Motion to (I) Vacate Default and Default Judgment and (II) Establish Certain Procedures in Connection with Adversary Proceeding served upon Lin by hand delivery to Lin's counsel and by U.S. mail at Apt. 909 and Apt. 1209 |
| 5/29/2012 | 21st day after entry of Order deeming service to have occurred on 5/8/2012 – last day for Plaintiffs to file an amended complaint under Rule 7015(a)(1)(A) |
| 6/6/2012 | Amended Complaint filed and served upon Lin by hand delivery to Lin's counsel |
| 6/7/2012 | Lin's deadline to respond to original Complaint as set forth in May 8th order – no response filed |
| 6/7/2012 | Plaintiffs' asserted deadline to amend original Complaint – same date as Lin's deadline to respond to original Complaint as set forth in May 8th order |
| 6/20/2012 | Lin's Motion to Dismiss the Original and Amended Complaints and supporting brief filed and served upon Plaintiff's counsel – 13 days after June 7th deadline |
| 7/2/2012 | Amended Complaint re-filed by Plaintiffs and re-served upon Lin by hand delivery to Lin's counsel (Lin refers to this as Second Amended Complaint) |

| 7/6/2012 | Lin's deadline to respond to Amended Complaint filed and served on June 6th |
|---|---|
| 7/16/2012 | 21st day after filing and service of Lin's Motion to Dismiss the Original and Amended Complaints and supporting brief – last day to amend either the Original or Amended Complaint under Rule 7015(a)(1)(B). Amended Complaint filed 14 days prior to deadline. |
| 7/16/2012 | Lin's Motion to Dismiss Second Amended Complaint and supporting brief filed and served upon Plaintiffs' counsel |
| 7/20/2012 | Capmark's Memorandum of Law in Opposition to Defendant's Motion to Dismiss filed and served upon Lin's counsel |
| 7/23/2012 | Capmark's Amended Memorandum of Law in Opposition to Defendant's Motion to Dismiss filed (with Lin's consent) and served upon Lin's counsel |
| 8/1/2012 | Lin's deadline to respond to Amended Complaint (called Second Amended Complaint by Lin) filed and served on July 2nd |
| 8/13/2012 | Reply Brief In Support Of Defendant Dawson Stephan Lin's Motion To Dismiss The Original And Amended Complaints And Defendant Dawson Stephen Lin's Motion To Dismiss The Second Amended Complaint filed and served Plaintiffs' counsel |

It is certainly a tangled web. Lin takes the position that Plaintiff's filing and service of the Amended Complaint on June 6th (without consent or Court approval) was 8 days late and, thus, void. Under Rule 7015(a)(1)(A), Plaintiffs had 21 days from service of the Complaint, which was deemed to occur on May 8th, to file an amended complaint without consent of the parties or approval of the Court. That time expired on May 29th. Defendant counters that, even though the May 8th order is silent on this issue, they had until Lin's response deadline under the May 8th order, which was thirty days after service or June 7th, to amend the complaint without consent or Court order. The asserted logic behind Plaintiff's position is that absent a Court order otherwise the deadlines for responding to a complaint and amending the same complaint are

identical, i.e., 21 days from service, and that implicit in any modification of the response

deadline is a commensurate modification of the deadline to amend the complaint.

There are two holes in Plaintiffs' argument. First, it is not true that *under the*

*Bankruptcy Rules* the deadlines for responding to a complaint and amending the same

complaint are identical. While the baseline response deadline under Federal Rule

12(a)(1)(A)(i) is 21 days from issuance of the Summons - identical to the time period to

amend under Bankruptcy Rule 7015(a)(1)(A) - the deadline to respond to a complaint

under Bankruptcy Rule 7012(a) is thirty days from issuance of the summons.[2]

Second, Plaintiffs' argument does not comport with what actually happened in

this case. There was a Court order in this instance entered with the parties' consent that

"extended" Lin's response deadline to 30 days. But, the response was due in 30 days

from service of the summons. The import of the May 8th order was to set the service

date. Once that was set the deadlines to amend and to respond were set by the

Bankruptcy Rules at 21 and 30 days, respectively. The default period of 21 days under

the amendment rules remains in place and the amendment on June 6th was, indeed, 8

days late.

---

[2] Compare Bankruptcy Rule 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court); and Federal Rule 12(a)(1)(A)(i) ("Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint."). *See also* Bankruptcy Rule 7012(b), which does *not* incorporate Federal Rule 12(a) ("Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

So, Defendants' June 6th amendment of the complaint was without effect.[3]  That leaves Lin's response deadline to the original complaint in place as June 7th.  But, Lin didn't meet that deadline.  Rather, he waited until June 20th (13 days late) to file his Motion to Dismiss the Original and Amended Complaints and supporting brief.  The reason is understandable as Lin rightly felt compelled to respond to the purported amended complaint filed the day before his response was due.  Understandable but nonetheless impermissible.[4]

Under Rule 7012(a)(1)(B), Plaintiffs had until 21 days after the service of Lin's Motion to Dismiss the Original and Amended Complaints to amend the complaint. That is to say they had until July 16th.  Plaintiffs easily met that deadline by re-filing and re-serving the Amended Complaint on July 2nd.  Lin takes the position, however, that this re-filing without consent or Court order is also defective.  Why?  Because "a plaintiff may amend its pleading once as a matter of course."[5]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]  Lin argues that Plaintiffs blew there one opportunity to amend their complaint by filing the Amended Complaint on June 6th.  But, Lin also argues that the

---

[3] *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1484 (3d ed. 2012) ("[i]f an amendment that cannot be made as of right is served without obtaining the courts leave or the opposing party's consent, it is without legal effect."); and *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("[o]nly an amended complaint that is in effect - that is, properly filed pursuant to the requirements of Rule 15 - can supersede the original.").

[4] Plaintiffs have not sought any relief for Lin's late filing. They do, however, raise the issue in defense of Lin's motion. Plaintiffs argue, in effect, that Lin seeks relief from this court with unclean hands, i.e., Lin, too, missed an important deadline.

[5] Bankruptcy Rule 7015(a)(1).

[6] Bankruptcy Rule 7015(a)(2).

June 6th Amended Complaint was out of time and void.  Lin can't have it both ways.
Plaintiffs' filing of an Amended Complaint on June 6th was void.  Thus, for purposes of
determining whether Plaintiffs are taking an impermissible second bite of the apple by
re-filing of the Amended Complaint one has to assume that the first amendment was
proper.  It's one or the other.  In this instant, the June 6th amendment was void[7] and the
July 2nd filing of the Amended Complaint was the first amendment and it was timely
filed under Bankruptcy Rule 7015(a)(1)(B).

In the alternative, assuming *arguendo* that the July 2nd Amended Complaint was
an impermissible second bite at the apple and was void, this Court grants Plaintiffs
leave to file an amended complaint - retroactive to July 2nd.  Bankruptcy Rule 7015(a)(2)
provides that the "Court should freely give leave [to amend] when justice so requires."
This is such an instance.   The practical motivation behind Lin's motion under
Bankruptcy Rule 7015 is to stick Plaintiffs with the "bare bone" allegations in the
original Complaint and, thus, increase the likelihood that the Complaint will be
dismissed under Rule 7012(b)(6).  There are deficiencies with the allegations in the
original Complaint that very well might lead to its dismissal under the *Twombly/Iqbal*
standards.  But, Lin is not prejudiced by allowing amendment.  His participation in this
case has been short and the action has not proceeded beyond the motions before the
Court.  Were this Court to dismiss the original Complaint it would almost certainly do
so without prejudice and allow Plaintiffs to file an amended complaint.  Also, as set
forth below, the Amended Complaint easily survives a motion to dismiss.  In short, Lin

---

[7] *See* note 3, *supra*.

is exactly where he would have been had the Court granted his motions under Rule 7012 and 7015 – there is an Amended Complaint before the Court that survives a motion to dismiss under Bankruptcy Rule 7012(b)(6).  Granting leave to amend retroactive to July 2nd is consistent with Bankruptcy Rule 7015(b)'s admonition to "freely give leave [to amend] when justice so requires."

Plaintiffs timely and properly filed the Amended Complaint on July 2nd.  In the alternative, Plaintiffs are given leave to file the Amended Complaint retroactive to July 2nd.  Thus, the July 2nd Amended Complaint is the operative pleading in this case.  The motion to dismiss for violation of Rule 7015 will be denied.

### B.    Motion to Dismiss Under Rule 7012(b)(6) for Failure to State a Claim

A motion under Rule 7012(b)(6)[8] serves to test the sufficiency of the factual allegations in the plaintiff's complaint.[9]  With the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*[10] and *Ashcroft v. Iqbal*,[11] "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."[12]

---

[8] Federal Rules of Civil Procedure 8(a) and 12(b)(6) are made applicable to this adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012(b), respectively.

[9] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ("The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." (citations omitted)).

[10] 550 U.S. 544 (2007).

[11] 129 S. Ct. 1937 (2009).

[12] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

In *Iqbal*, the Supreme Court makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts.[13]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss.[14]  Rather, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible."[15]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]  Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]  But where the well-pleaded facts do not permit the court to infer more than the mere

---

[13] *Id*.

[14] *Iqbal*, 129  S. Ct. at 1949.  *See also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citations omitted); *Bartow v. Cambridge Springs SCI*, 285 Fed. Appx. 862, 863 (3d Cir. 2008) ("While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions.); *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001)  ("Liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." (citations omitted)).

[15] *Fowler*, 578 F.3d at 210 (internal quotations omitted).  *See also Iqbal*, 129 S. Ct. 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Buckley v. Merrill Lynch & Co. (In re DVI, Inc.)*, 2008 Bankr. LEXIS 2338 (Bankr. D. Del. Sept. 16, 2008) ("Rule 8(a) requires a showing rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claim rests."(citations omitted)).

[16] *Iqbal*, 129 S. Ct. at 1949.

[17] *Iqbal*, 129 S. Ct. at 1950.  "It is the conclusory nature of [plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 1951.

possibility of misconduct, the complaint has alleged - but not shown - that the pleader is entitled to relief."[18]

After *Iqbal*, the Third Circuit has instructed this Court to "conduct a two-part analysis.  First the factual and legal elements of a claim should be separated.  The [court] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."[19]  The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."[20] The Third Circuit has further instructed that "[s]ome claims will demand relatively more factual detail to satisfy this standard, while others require less."[21]

---

[18] *Id.* at 1950 (citations and internal quotations omitted).

[19] *Fowler*, 578 F.3d at 210-11.  *See also Twombly*, 550 U.S. at 555 (holding that a court *must* take the complaint's allegations as true, no matter how incredulous the court may be); *Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . When there are well-plead factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004).  The Court may also consider documents attached as exhibits to the Complaint and any documents incorporated into the Complaint by reference.  *In re Fruehauf Trail Corp.*, 250 B.R. 168, 183 (Bankr. D. Del. 2000) (*citing PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  "[I]f the allegations of [the] complaint are contradicted by documents made a part thereof, the document controls and the Court need not accept as true the allegations of the complaint."  *Sierra Invs., LLC v. SHC, Inc. (In re SHC, Inc.)*, 329 B.R. 438, 442 (Bankr. D. Del. 2005).  *See also Sunquest Info. Sys., Inc. v. Dean Whitter Reynolds, Inc.*, 40 F. Supp. 2d 644, 649 (W.D.Pa. 1999) ("In the event of a factual discrepancy between the pleadings and the attached exhibit, the exhibit controls." (citations omitted)).

[20] *Fowler*, 578 F.3d at 211 (internal quotations omitted) ("[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." (citations omitted)).  "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim."  *Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.)*, 2008 Bankr. LEXIS 2338, at *13 (Bankr. D. Del. Sept. 16, 2008).

[21] *In re Ins. Brokerage Antitrust Litig.*, 2010 U.S. App. LEXIS 17107, 46-47 n. 18 (3d Cir. Aug. 16, 2010).  *See also Arista Records LLC v. Doe*, 604 F.3d 110, 120-21 (2d Cir. 2010) (stating that *Twombly* and *Iqbal* require factual amplification where needed to render a claim plausible, not pleadings of specific evidence or extra facts beyond what is needed to make a claims plausible).

Lin seeks dismissal of the original Complaint for failure to state a claim. He rightly argues that the Complaint was formulaic and merely a recitation of the statutory components of the asserted causes of action. The Amended Complaint, however, cures these deficiencies. The Amended Complaint thoroughly sets forth the relationship between the parties and the facts and circumstances surrounding the alleged fraudulent transfer. (Amended Complaint ¶¶ 9-15). It also identifies and even quotes from the operative documents and sets forth the date and amount of the transfers. (*Id*.). The Amended Complaint also identifies in detail the date and the reasons Plaintiffs became insolvent. (*Id*. At ¶¶ 16-19). There is no question that the Amended Complaint satisfies the notice pleading standard set forth in *Twombly*, *Iqbal* and *Fowler*. The motion to dismiss for failure to state a claim will be denied.

### C.    Motion to Dismiss for Lack of Personal Jurisdiction

Lin has moved under Bankruptcy Rule 12(b)(2) for dismissal of the Amended Complaint because this Court lacks personal jurisdiction over him. As set forth below, Lin was properly served with the original Complaint. In addition, the proper inquiry as to whether Lin has minimum contacts with the Court is whether he has minimum contacts with the United States - not Delaware as Lin asserts. Plaintiffs have alleged that Lin has minimum contacts with the State of Washington and Lin has not submitted the necessary affidavit disputing his contact with Washington. Thus, for purposes of this motion, Lin has minimum contacts with Washington, the United States and, thus, Delaware. Finally, hailing Lin into this Court is consistent with the Constitution and

principles of fair play and justice.   The motion to dismiss for lack of personal jurisdiction will be denied.

Pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure, this Court has personal jurisdiction over a party if "(i) service of process has been made in accordance with Bankruptcy Rule 7004 [or Fed. R. Civ. P. 4, (ii)] the court has subject matter jurisdiction under section 1334 of the Code, and (iii) exercise of jurisdiction is consistent with the Constitution and laws of the United States."[22]   Here, Lin acknowledges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334.  As shown below, the other two conditions are also satisfied.

1.    **Standard of Review**.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants."[23] However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a "*prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[24]   "When raising a Rule 12(b)(2) defense, the defendant must provide an affidavit contradicting the jurisdictional allegations made by the plaintiff," which Lin has failed to do.[25]

---

[22] *Finova Capital Corp.  v. Cote* (*In re Finova Capital Corp.* ), 358 B.R. 113, 119 (Bankr. D. Del. 2006).

[23] *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004 (citation omitted)).

[24] *Id.* (citation omitted).

[25] *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, Civ. Action No. 09-022-SLR/MPT, 2009 WL 5184350, at *2 (D. Del. Dec. 23, 2009).

### 2.    Lin Was Properly Served.

Lin contends that he is not subject to the personal jurisdiction of this Court because the May 8th order merely "deems service to have occurred," without adjudicating whether service of the original Complaint complied with Federal Rule 4 or Bankruptcy Rule 7004.    That is incorrect.    The May 8th order plainly states that "Defendant shall be deemed to have been properly served with the Summons." (emphasis added).  It further states that "Defendant shall be deemed to have waived his defenses in this Adversary Proceeding . . . pursuant to Federal Rules of Civil Procedure 12(b)(4) [insufficient process] and 12(b)(5) [insufficient service of process]. . . ."  Having consented to the May 8th order, Lin may not relitigate the issue of whether or not he was properly served.

### 3.    Exercising Jurisdiction Over Lin Is Consistent with the Constitution and Laws of the United States.

Courts in this district apply the "fair play and substantial justice" standards of the Fifth Amendment's Due Process Clause to determine whether service of process comports with the United States Constitution.[26]  This entails a two-fold inquiry.  First, the court must determine whether the defendant had sufficient contacts with the relevant forum.  Second, it must determine if the exercise of personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice."[27] Both of these standards are met here.

---

[26] *Zazzali v. Swenson* (*In re DBSI, Inc.*), 451 B.R. 373, 376-77 (Bankr. D. Del. 2011) ("DBSI I").
[27] *Id.*

a.    **Lin's Contacts With the United States, Rather Than With Delaware, Are Determinative**.

For more than a decade, this Court has consistently held that, because Bankruptcy Rule 7004(d) provides for nationwide service of process, this Court's personal jurisdiction may be assessed on the basis of a defendant's contacts with the United States as a whole, rather than with any particular state.[28]

Lin contends that those cases were wrongly decided.  He argues that personal jurisdiction may not rest upon an alien defendant's aggregated contacts with the United States absent a governing federal statute providing for nationwide service of process, and that Bankruptcy Rule 7004(d) is not such a statute.  This exact argument has consistently been "soundly rejected" by this Court.[29]  It is well-settled that Federal Rule 7004(d) authorizes nationwide personal jurisdiction "regardless of the fact that the grant is contained in a rule rather than a federal statute."[30]  As explained by the district court in *Brown*, because the Bankruptcy Rules "hav[e] the force of federal law," Rule 7004(d) "has the same force and effect as other nationwide service of process provisions

---

[28] *Id. at 377* ("Because Rule 7004(d) provides for nationwide service of process, the relevant forum is the United States.") (citation omitted); *Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.*, No. Civ. A. 98–494–SLR, 1999 WL 709992, at *3 (D. Del. Aug. 18, 1999) ("[T]he court need only satisfy itself that defendants have minimum contacts with the United States"); *Zazzali v. 1031 Exch. Group LLC* (*In re DBSI, Inc.*), 467 B.R. 309, 314 (Bankr. D. Del. 2012) ("DBSI II") (Bankruptcy Rule 7004, "although not a federal statute, serves to authorize nationwide service of process.") (citation omitted); *Giuliano v. Harko, Inc.* (*In re NWL Holdings, Inc.*), No. 08-12847, 2011 WL 767777, at *2 (Bankr. D. Del. Feb. 24, 2011) ("Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure generally limit *in personam* jurisdiction of the federal courts over non-resident defendants to that which a court of general jurisdiction in the forum state would have. However, this limitation does not apply where extra-territorial service of process is 'authorized by federal statute.' Fed. R. Civ. P. 4(k)(1).  Bankruptcy Rule 7004(d), which allows nationwide service of process in bankruptcy cases, is such a statute.").

[29] *DBSI II*, 467 B.R. at 314 (citing *Tribune Media Sucso, Inc. v. Beatty* (*In re Tribune Co.*), 418 B.R. 116, 122 (Bankr. D. Del 2009)).

[30] *Id.*

provided by federal statute."[31]  It has also been noted that Bankruptcy Rule 7004(d) was

enacted pursuant to the Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, and was,

thus, authorized by Congress, making it tantamount to a statute.[32]

As support for his argument Lin cites a 1985 opinion of the Third Circuit stating

that "in the absence of a governing federal statute providing for nationwide service of

process, [personal] jurisdiction may not rest upon an alien defendant's aggregated

contacts with the United States."[33]  But that holding simply applied a requirement of

federal statutory authorization found in former Federal Rule 4(e).  Rule 4(e) was,

however, abrogated in 1993 when the Federal Rules were amended to add Rule 4(k)(2),

which creates federal long-arm jurisdiction in cases involving claims that arise under

federal law.[34]  Since that amendment, and the enactment in 1996 of Bankruptcy Rule

7004(f), a federal long-arm provision like Federal Rule 4(k)(2), the question of whether

Bankruptcy Rule 7004(d) is a statute has "become merely academic."[35]  Moreover, as the

*Tribune* court held, the Third Circuit's decision in *Daetwyler* considered "whether

nationwide service was permitted in the absence of *any* statute, rule, regulation, or

---

[31] *Brown,* 1999 WL 709992, at *3 & n.4 (citing I Collier on Bankruptcy § 1.04, at 1-55 (15th ed. rev. 1999)).

[32] *See Anheuser-Busch, Inc. v. Paques, Inc.* (*In re Paques, Inc.*), 277 B.R. 615, 629-32 (Bankr. E.D. Pa. 2000); *Brown,* 1999 WL 709992, at *5 ("Congress has provided a jurisdictional mechanism in the form of national service of process.").

[33] *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 300 (3d Cir. 1985).

[34] Fed. R. Civ. P. 4(k)(2) ("For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.")

[35] *North v. Winterthur Assurances (In re North)*, 279 B.R. 845, 852-53 (Bankr. D. Ariz. 2002) (internal quotation marks omitted).

16

order" and "did not directly address whether a rule, such as Bankruptcy Rule 7004(d) was sufficient to authorize nationwide service of process."[36]

### b. Lin Has Sufficient Minimum Contacts with the United States.

It is well-established that a person's residency within the United States constitutes sufficient minimum contacts for the Bankruptcy Court to exercise personal jurisdiction over that person in an action arising under the Bankruptcy Code.[37] The Amended Complaint alleges that Lin is a resident of the State of Washington. (Amended Complaint ¶ 5). In order to dispute that allegation, Lin was required to file an affidavit contradicting that fact, which he has not done.[38] Moreover, even if his counsel's statement that "Lin does not live in the United States, but rather has resided overseas for twenty years" were deemed sufficient, that statement would not, in and of itself, rebut Plaintiff's allegation of personal jurisdiction. A person may have more than one residence.[39] Even if Lin's primary residence is in Japan, he has neither denied nor furnished evidence to dispute that he also has a residence in Washington. This United

---

[36] *In re Tribune Co.*, 418 B.R. at 123.

[37] *See, e.g.*, *Adams v. Medical Accounts Receivable Solutions, Inc. (In re Coram Healthcare Corp.)*, No. 00-3299 (MFW), 2003 WL 22948234, at *2 (Bankr. D. Del. Dec. 12, 2003) (residency in California constituted sufficient minimum contacts for Delaware Bankruptcy Court to exercise personal jurisdiction over defendant); *Argus Mgmt. Grp. v. Rodman (In re CVEO Corp.)*, No. 01-0223 (MFW), 2004 WL 3656821, at *2 (Bankr. D. Del Dec. 15, 2004); *In re NWL Holdings, Inc.*, 2011 WL 767777, at *3 (residency in New York constituted sufficient minimum contacts for Delaware bankruptcy court to exercise personal jurisdiction over defendant); *In re Enron Corp.*, 316 B.R. at 444 (residency in Alabama constituted sufficient minimum contacts for New York bankruptcy court to exercise personal jurisdiction over defendant).

[38] *See Quantum Loyalty Sys., Inc.*, 2009 WL 5184350, at *2.

[39] *In re Frame*, 120 B.R. 718, 723 (Bankr. S.D.N.Y. 1990) ("a person may have several residences at the same time"; residence merely imports "having an abode at a particular place which may be one of any number of such places at which one is").

States residence constitutes sufficient minimum contacts for this Court to exercise personal jurisdiction over him.[40]

The Amended Complaint further alleges that Lin was an employee and officer of CFI and a shareholder of CFGI – both U.S. companies.  (Amended Complaint ¶¶ 9, 11, 12).  Lin has offered no evidence contradicting those allegations.  Those contacts are sufficient in this case to establish personal jurisdiction over Lin.  Indeed, the matter before the court - recovering payments made to Lin directly resulting from his status as an employee and shareholder - arises out of those very United States contacts.[41]

### c.    Exercising Jurisdiction Over Lin Comports With Traditional Notions of Fair Play and Substantial Justice.

Once a *prima facie* case of minimum contacts has been made, the burden shifts to the moving party to "present a *compelling* case that the presence of some other considerations would render jurisdiction unreasonable and would make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent."[42]   "The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy."[43]   Here, Lin does not even

---

[40] *See In re Enron Corp.*, 316 B.R. at 446 (exercising personal jurisdiction over Texas resident living in London) (emphasis in original).

[41] *See, e.g., Stickel v. Finkelstein (In re Huffy Corp.)*, 358 B.R. 724, 737 (Bankr. S.D. Ohio 2006) (defendants, as employees, officers and shareholders of a U.S. corporation, accepted the benefits of American laws pertaining to corporate governance and securities and should not have been surprised that they might be hauled into a U.S. court on matters pertaining to corporate asset transfers).

[42] *In re DBSI, Inc. II*, 467 B.R. at 315 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)) (internal quotation marks omitted).

[43] *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993).

18

claim that he would be inconvenienced by litigating in Delaware, let alone attempt to make a "compelling case" that he would be unfairly disadvantaged by doing so.

In contrast, Capmark and this Court have strong interests in litigating in this forum. The federal bankruptcy system was designed to provide "one forum for adjudicating almost all disputes arising in or out of a particular case."[44]   It is in a debtor-in-possession's interest, and in furtherance of its duty to act for the benefit of creditors, to avoid wasting resources associated with litigating in multiple forums.[45] Here, litigating in Japan would be prohibitively expensive, as it would needlessly require Capmark (i) to waste precious estate resources retaining local counsel, (ii) to educate a foreign court on U.S. fraudulent conveyance law, and (iii) to prove insolvency – an expensive endeavor – in not only this forum, where it is pursuing an avoidance action against another CFI officer, but also in Japan.

Thus, this Court has personal jurisdiction over Lin and his Motion to Dismiss under Bankruptcy Rule 7012(b)(2) will be denied.

### D.   Conclusion

For the reasons set forth above, the Motion to Dismiss the Original and Amended Complaints and the Motion to Dismiss Second Amended Complaint will be denied in their entirety. An order will be issued.

---

[44] *In re DBSI, Inc. II*, 467 B.R. at 316 (*quoting Schwinn Plan Comm. v. AFS Cycle & Co. Ltd. (In re Schwinn Bicycle Co.)*, 192 B.R. 461, 476 (Bankr. N.D. Ill. 1996)).

[45] *See Id.* at 316 ("[T]he vindication of federal principles in a federal court would seemingly always be sufficient to carry the day in favor of the exercise of federal jurisdiction.") (quoting *Warfield v. KR Entertainment, Inc. (In re Fed. Fountain, Inc.)*, 165 F.3d 600, 602 (8th Cir. 1999)).